## Lee v. Schlagel, etc.

*Raymond Pearlstine*, for defendant.

*E. Arnold Forrest*, for plaintiff.

KNIGHT, P. J., November 7, 1946.—This is a judgment taken by plaintiff for want of an affidavit of defense.

The courts have power to open and should open a default judgment, when there has been no unreasonable delay in seeking relief; defendant has or claims to have a legal defense to the whole or part of plaintiff's claim; defendant shows a reasonable excuse for his failure to defend the action within the time limit set by a statute where the words of the statute are not mandatory, and defendant shows a reasonable excuse for not complying with a rule of court.

This is the doctrine of numerous cases, both in the lower and appellate courts. The judgment was entered on May 1, 1946, and the petition to open filed

on May 17th, so there has not been any unreasonable delay in seeking relief.

In his petition to open defendant avers that he had a contract with plaintiff for the materials, bulbs, plants, etc., that the contract price was $150, which was fully paid by defendant to plaintiff, and that there is nothing due plaintiff at the present time.

Payment is a legal and sufficient defense.

Does defendant set up a reasonable excuse for his failure to file an affidavit of defense?

The statement of claim avers defendant owns and operates a place of business known as Art's Skating Rink; that on or about September 21, 1940, defendant orally contracted with plaintiff for the purchase and planting of certain bulbs, plants, shrubs, etc., for which defendant was to pay the reasonable, fair, and market prices; that plaintiff delivered the seeds, bulbs, trees, etc., and performed the labor of planting same, and that the reasonable price for said goods and labor was $565.10, of which amount defendant paid $140.50, between November 30, 1940, and December 16th of the same year, leaving a balance of $424.60, for which suit was brought May 24, 1943.

Defendant entered the military service of the United States on March 25, 1943, and was discharged June 10, 1945.

Defendant was in the military service when the action was commenced. The statement of claim, with its notice to file an affidavit of defense within 15 days, was served on his wife, who never sent the same to defendant or told him about it, although she did send him a clipping from a Conshohocken paper stating that plaintiff had brought suit against Art's Skating Rink. After his discharge, in June 1945, defendant did nothing until the judgment was entered against him.

Defendant may have thought that his military service protected him against actions brought by civilians, as in fact to a large extent it did.

Plaintiff could not in this case take judgment against defendant while he was a member of the armed forces. Over two years elapsed from the time the suit was brought until defendant was discharged from the service, and it is quite understandable that he may have forgotten about the newspaper clipping in that length of time.

Under all the circumstances, we are of the opinion that this judgment should be opened, and that defendant be allowed to present his case to a jury.

And now, November 7, 1946, the rule is made absolute, the judgment is opened, and the defendant allowed 15 days from this date to file an affidavit of defense.